IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARILYN K. COLLINS ON
BEHALF OF D.L.C AND D.J.C                                           PLAINTIFF

  v.      Civil No. 11-3060

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

  Plaintiff, Marilyn K. Collins, brings this action under 42 U.S.C. § 405(g), on behalf of D. L. C. and D. J. C., minor children and seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying their now deceased father, Jason Cope's claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

  Jason Cope filed his applications for DIB and SSI on July 18, 2007, alleging an onset date of January 1, 2007, due to schizophrenia and the residuals of a broken foot. Tr. 118-121, 122-124, 147-148. His applications were initially denied and that denial was upheld upon reconsideration. Tr. 56-58. An administrative hearing was held on June 25, 2009. Tr. 22-54.

  At the time of the administrative hearing, Mr. Cope was 38 years of age and possessed high school education. Tr. 27, 29. He had past relevant work ("PRW") as a lumber stacker, forklift operator, and general laborer. Tr. 27, 70,156-163, 241.

  On July 31, 2009, the Administrative Law Judge ("ALJ") concluded that Mr. Cope's functional psychotic disorder, depression, and anxiety were severe impairments, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 64-66. After partially

discrediting Mr. Cope's subjective complaints, the ALJ determined that he retained the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: "the claimant can understand, remember, and carry out simple, routine, and repetitive tasks.  The claimant can respond appropriately to supervisors and co-workers, but have not contact with the general public.  The claimant can perform low stress work (defined as occasional decision making and occasional changes in workplace settings)."  Tr. 66-69.  With the assistance of a vocational expert, the ALJ then concluded Mr. Cope could perform work as a sewing machine operator, poultry eviscerator, and production worker.  Tr. 71.

On August 25, 2009, Mr. Cope appealed the Appeals council.  Tr. 14-15.  In October 2010, he committed suicide via a self-inflicted gun shot wound to the head.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Mr. Cope's request for review on June 28, 2011.  Tr. 8-12.  Subsequently, Plaintiff filed this action on behalf of Mr. Cope's minor children.  ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No. 8, 9.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw

two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

A.     **The Evaluation Process**:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require his to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or

3

combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

In the present case, the evidence reveals that Mr. Cope was suffering from paranoid schizophrenia and had been for many years. Tr. 202-238, 253-271, 309-314, 316-323, 379-402, 404-410, 411-431, 433-443, 445-459, 461-469, 472-484, 485-519, 522-540, 541 . He had been hospitalized on numerous occasions at Bridgeway Hospital and the Arkansas State Hospital, both voluntarily and involuntarily.[1] Tr. 32, 46, 202-238, 308-323, 433-443, 445-459, 485-519, 543-573, 575-617, 619-675. Medical evidence clearly indicates that Mr. Cope suffered from delusions that interfered with his ability to make judgments for himself and appear to have resulted in his death.[2] However, the ALJ dismissed this evidence, due to evidence indicating that Mr. Cope had failed to follow medical advice on numerous occasions, had abused alcohol and drugs[3], and had admitted to exaggerating his symptoms. Tr. 66-69. While we do agree that the record reveals periods during which Mr. Cope did not take his medication,

---

[1] In the year preceeding the administrative hearing, Mr. Cope had been hospitalized on five occasions for a total of 160 days. This is interesting, given that the ALJ found no evidence of episodes of decompensation. Tr. 65.

[2] Mr. Cope's reported delusions included the belief that others could hear his thoughts, that he had been injected with multiple strains of AIDS, that people were sneaking in his home when he was not there, that he had killed one person and injured 42 others, that his parents wanted him dead, that the Iranians had broken in to his home, that he was being sent to the hospital by George Bush and Barack Obama, that the US government was giving him crank to stump him and drop his IQ, that Pamela Anderson was a US Marshal, that he had been involved in criminal activities with Lindsey Lohan and Madonna, that he sank Russian submarines in the Great Lakes, Hillary Clinton was hypnotizing him to break his neck, and that the Iranian government had reincarnated his son. Tr. 212, 445, 522, 543-544.

[3] We can find no evidence of drug abuse after 2008.

we are also aware of the fact that it is not uncommon for patients suffering from schizophrenia to discontinue their medications at will. *See* Diagnostic and Statistical Manual of Mental Disorders IV Text Revision ("DSM IV-TR") 304, 321, 359; Charolette E. Grayson, *Bipolar Disorder: Taking Your Bipolar Medication*, *at* www.webmd.com; Agnes Hatfield, *Medication Non-Compliance*, *at* www.schizophrenia.com. According to the DSM, patients suffering from schizophrenia, schizoaffective disorder, and bipolar disorder also suffer from anosognosia, or poor insight. DSM IV-TR 304, 321, 359. "Evidence suggests that poor insight is a manifestation of the illness, rather than a coping strategy. . . . This symptom predisposes the individual to noncompliance with treatment and has been found to be predictive of higher relapse rates, increased number of involuntary hospital admissions, poorer psychosocial functioning, and a poorer course of illness." *Id*. Similarly, the rates of comorbidity with substance-related disorders are also high among individuals suffering from schizophrenia. DSM IV-TR 304.

Accordingly, we believe that the ALJ should have taken these factors into consideration prior to rendering his opinion. Because the ALJ failed to do so in this case, we cannot say that substantial evidence supports the ALJ's dismissal of Mr. Cope's subjective complaints on the basis of his failure to take his medication as prescribed, drug abuse, and admitted exaggeration of his symptoms. On remand, the ALJ should question Mr. Cope's treating physicians regarding the cause of his failure to take his medication and drug abuse, and the effect, if any, it has on his condition.

We also note that Mr. Cope's treating psychiatrist at Ozark Counseling Services, Dr. Dante Durand, completed a medical source statement concerning the nature and severity of Mr. Cope's mental impairment. Tr. 375-377. He found Mr. Cope to have marked limitations in the following areas of functioning: the ability to remember locations and work-like procedures; understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods (the approximately 2-hour segments between arrival and first break, lunch, second break, and departure);

perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being unduly distracted by them; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and to respond appropriately to criticism from supervisors; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or to use public transportation; and, set realistic goals or to make plans independently of others. The ALJ does not, however, discuss this assessment in his opinion. Instead, he relies on the one time examination of Dr. Charles Nichols. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). We find this to be problematic and believe remand is also necessary to allow the ALJ to throughly consider and evaluate the assessments and treatment notes of each of Mr. Cope's treating doctors. On remand, the ALJ is reminded that a treating physician's medical opinion is given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). Further, the ALJ must give good reasons for whatever weight he gives the treating physician's opinion. *Holmstrom v. Massanari,* 270 F.3d 715, 720 (8th Cir. 2001).

The ALJ is also reminded that the evaluation of a mental impairment is often more complicated than the evaluation of a claimed physical impairment. *Andler v. Chater,* 100 F.3d 1389, 1393 (8th Cir. 1996). Evidence of symptom-free periods, which may negate the finding of a physical disability, do not compel a finding that disability based on a mental disorder has ceased. *Id*. Mental illness can be extremely difficult to predict, and remissions are often of "uncertain duration and marked by the

impending possibility of relapse." *Id.* Individuals suffering from mental disorders often have their lives structured to minimize stress and help control their symptoms, indicating that they may actually be more impaired than their symptoms indicate. *Hutsell v. Massanari,* 259 F.3d 707, 711 (8th Cir.2001); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(E) (1999). This limited tolerance for stress is particularly relevant because a claimant's residual functional capacity is based on their ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir. 1982) (abrogated on other grounds).

**IV.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of September 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE